**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TYRONE ROBINSON,**<br><br>    **Defendant.** | **Case No. 25-cr-264 (APM)** |

**GOVERNMENT'S NOTICE OF EXPERT TESTIMONY IN THE FIELD OF**
**FORENSIC SEROLOGY AND FORENSIC DNA ANALYSIS**

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States

hereby provides notice that it may introduce the testimony of one expert witness in the field of

forensic serology and forensic DNA analysis as described in the attached letter, which was

provided to defense counsel on April 23, 2026.  The government will supplement these disclosures

as appropriate and sufficiently before trial to provide the defense a fair opportunity to meet the

evidence.  *See* Fed. R. Crim. P. Rule 16(a)(1)(G)(ii).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Brendan M. Horan*
    Brendan M. Horan
    Special Assistant United States Attorney
    N.Y. Bar No. 5302294
    601 D Street NW
    Washington, DC 20579
    (202) 730-6871
    Brendan.Horan@usdoj.gov



U.S. Department of Justice

JEANINE FERRIS PIRRO
United States Attorney

District of Columbia

*Patrick Henry Building*
*601 D Street NW*
*Washington, DC 20530*

April 23, 2026

Michael E. Lawlor, Esq.
mlawlor@brennanmckenna.com
Adam Christopher Demetriou, Esq.
ademetriou@brennanmckenna.com
Counsel for Defendant Robinson
***VIA EMAIL AND ECF***

   Re: <u>United States v. Tyrone Robinson</u>
      Case No. 25-cr-264 (APM)

Dear Counsel,

   We are writing pursuant to Rule 16 of the Federal Rules of Criminal Procedure to provide notice of the following expert witness whom the government may call at trial in this matter:

**Christie B. Johnson, Forensic Biologist**

   Christie B. Johnson is an expert in the field of forensic serology and forensic DNA analysis. Ms. Johnson currently works as a forensic biologist in the U.S. Army Criminal Investigation Laboratory in Forest Park, Georgia. In order to obtain the position as a forensic biologist, Ms. Johnson was required to successfully complete oral boards on the topics of serology, DNA, and population genetics and statistics, and pass a competency test in DNA interpretation. Since being qualified as a forensic biologist, Ms. Johnson has been required to participate in at least two proficiency tests per year.

   Ms. Johnson has performed DNA analysis and interpretation in hundreds of criminal cases.

   The probabilistic genotyping software, STRmix™ has been used by U.S. Army Criminal Investigation Laboratory since 2014 to assist with the interpretation of evidence DNA profiles and statistical analysis. In her time at the U.S. Army Criminal Investigation Laboratory, Ms. Johnson has utilized STRmix™ in hundreds of criminal cases, to include the case at hand.

*Qualifications, Publications, and Testimonies*

All qualifications, as well as a list of all other cases during the previous four years in which Ms. Johnson has testified as an expert, are contained within her curriculum vitae, which will be provided separately to you.

*The Witness's Opinions*

At trial, Ms. Johnson will provide general background information regarding forensic DNA testing and will describe/define deoxyribonucleic acid (DNA), how DNA varies from person to person, how DNA may transfer from its original source to another person and or object, and what factors may affect the quality and or quantity of DNA detected. She will testify factually about DNA in general (*i.e.*, what it is, where it can be found, its uniqueness, its durability, and use in forensics) and the testing process used during the testing in this case. This testimony will include how an individual may transfer his or her DNA to another person or object through physical contact. She will testify that DNA may be left behind in bodily fluids, such as blood, saliva, or semen. She will explain that skin cells also contain DNA and that a person may or may not leave behind skin cells after making physical contact with their skin and an object. Even if skin cells or bodily fluids are left behind on such objects, in some cases, the amount of cells or DNA left behind on the surface may not be sufficient to analyze. Additionally, she will testify about the factors that could affect the ability to recover DNA on an item, including the length of contact with the item, quantity or amount of DNA left, variations between individuals, whether the item was wiped, washed or cleaned, or variation in the surface at issue and the nature of the contact.

Ms. Johnson will also testify that when evidence is received at the U.S. Army Criminal Investigation Laboratory for DNA analysis, a team of biologists process the evidence in accordance with the Standard Operating Procedures of such tests, the results of which are then reviewed by the forensic biologist assigned to the case, to ensure no additional testing is needed.

Ms. Johnson will provide her expert opinion that from the samples submitted to her for analysis, DNA profiles were recovered. She will describe the process used to recover those profiles, which include collection, extraction, quantitation, amplification, analysis, and interpretation. This will also include describing the individualizing characteristics used to conduct a DNA analysis, i.e., short tandem repeats, how DNA typing is performed at the U.S. Army Criminal Investigation Laboratory and the possible outcomes of a DNA examination. She will also explain how a DNA profile is interpreted, what factors may affect such interpretation, and the process for determining the number of contributors to an evidentiary profile.

Ms. Johnson determined that DNA profiles developed in this case were suitable for comparison and compared these DNA profiles using the applicable Quality Assurance Manual and Standard Operating Procedures in place at the time at the U.S. Army Criminal Investigation Laboratory, calculated statistics, and documented her conclusions in a written report dated April 6, 2026, which was provided to you during discovery. Ms. Johnson will describe how such comparisons were performed and what possible conclusions may be reached in performing forensic DNA examinations.

More specifically, Ms. Johnson will testify regarding the examinations she conducted in this case, the results of which are contained in the aforementioned Laboratory Report.

The probabilistic genotyping software program called STRmix™, was used by Ms. Johnson in this case. She will explain that the DNA profiles developed in this case were imported into the STRmix™ software, which calculates a statistical probability called a "likelihood ratio."[1] For an inclusion, the likelihood ratio describes how much more likely it is to obtain the DNA results if the person of interest is a contributor to the DNA profile, rather than if an unknown, unrelated person is a contributor to the DNA profile. She may explain the Scientific Working Group on DNA Analysis Methods (SWGDAM) qualitative verbal scale to describe the strength of support that a likelihood ratio provides to the conclusion.[2] Ms. Johnson may also explain that the STRmix™ software has been thoroughly validated, both developmentally by the manufacturer and internally by the U.S. Army Criminal Investigation Laboratory prior to its use in forensic casework, and the software is used widely within the forensic community which means that numerous laboratories have tested the STRmix™ probabilistic genotyping software and found it to reliably produce accurate results. In addition, she may testify that the use of STRmix™ has been subject to extensive peer-reviewed publications. She may testify that the internal parameters and the protocol for using STRmix™ were developed based upon the U.S. Army Criminal Investigation Laboratory's internal validation studies and can be found in the Laboratory Procedures. Ms. Johnson will testify that she used STRmix™ in accordance with those procedures, which was verified by another qualified forensic biologist during the technical review process.

### *The Basis and Reasons for the Witness's Opinions*

Ms. Johnson's opinions are based on her personal examination of the results as well as her training, education, experience, and expertise as a forensic biologist. Her expert forensic opinions, and the basis for those opinions, are guided by Standard Operating Procedures and applicable Quality Assurance Manual and set forth more fully in their written reports. Ms. Johnson may also rely on peer-reviewed literature to provide context to the DNA results, e.g., transfer, persistence, and recovery of DNA profiles on items of evidence.

Reviewed and Approved By:    JOHNSON.CHRISTIE. Digitally signed by
                            B.1290613228       JOHNSON.CHRISTIE.B.1290613228
                                               Date: 2026.04.23 12:43:46 -04'00'

Christie B. Johnson

---

[1] A likelihood ratio (LR) is a statistic for the comparison of the probability of the evidence (E), given two competing propositions. The inclusionary proposition (H1), includes the person of interest and, for mixed samples, known and/or unknown, unrelated individuals. The total count of individuals included in the proposition is equal to the number of contributors interpreted to be in the sample. The exclusionary proposition (H2) generally consists of unknown, unrelated individuals, equaling the total number of contributors interpreted to be in the sample. *See Department of Justice Uniform Language for Testimony and Reports for Forensic Autosomal DNA Examinations Using Probabilistic Genotypic Systems. December 12, 2022.*

[2] Recommendations of the SWGDAM Ad Hoc Working Group on Genotyping Results Reported as Likelihood Ratios. https://www.swgdam.org/publications.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Brendan M. Horan*
Brendan M. Horan
Special Assistant United States Attorney
N.Y. Bar No. 5302294
601 D Street NW
Washington, DC 20579
(202) 730-6871
Brendan.Horan@usdoj.gov

4