## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  25-cr-264-APM** |
| | : | |
| **TYRONE ROBINSON** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME AND REQUEST TO EXCLUDE PROFFERED EXPERT TESTIMONY AND FOR EMERGENCY STATUS CONFERENCE

Defendant Tyrone Robinson ("Mr. Robinson"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully responds to the Government's belated motion to extend its expert disclosure deadline and also moves pursuant to Federal Rule of Criminal Procedure 16 to exclude the testimony of the Government's proffered DNA expert. Mr. Robinson has been in custody since May 12, 2025. The Government obtained a warrant for his DNA on May 14, 2025. This case was charged by Complaint on May 15, 2025. Mr. Robinson was indicted on September 3, 2025. The current scheduling order was issued on January 16, 2026. Nonetheless, the Government delayed in submitting evidence for DNA testing and ultimately provided a DNA report well after the March 20 expert disclosure deadline. Moreover, the Government did not

1

provide the data underlying the analyst's conclusions until this morning, on May 5, 2026. The Government has offered no justification for its failure to comply with the scheduling order. The belated disclosure is prejudicial to Mr. Robinson, who is detained and set to proceed to trial in approximately one month. The Court should deny the Government's Motion and exclude the proffered expert testimony. In light of the upcoming trial date and other deadlines in this case, Mr. Robinson respectfully requests an emergency status conference on these matters.

## I.   Background

Shortly after 9:30 p.m. on the evening of May 12, 2025, MPD officers arrested Tyrone Robinson in connection with an attempted carjacking (of a scooter) and assault that are alleged to have occurred earlier that same evening. The next day, Mr. Robinson was charged with offenses arising out of this alleged incident in the Superior Court. *See United States v. Robinson*, No. 2025-CF3-005360. On May 15, 2025, the Government filed a Criminal Complaint charging Mr. Robinson in this Court with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) The charge at issue relates to the May 12 allegations. On May 16, 2025, the Superior Court charges were dismissed. On May 19, 2025, Mr. Robinson made his initial appearance in this Court. On or about June 24, 2025, the Government made its first discovery production.

2

On September 3, 2025, the Government filed an Indictment charging Mr. Robinson with one federal offense under 18 U.S.C. § 922(g)(1) and other D.C. Code offenses related to the May 12 allegations. On September 8, 2025, Mr. Robinson appeared for an arraignment on the Indictment. On or about September 10, 2025, the Government made its second discovery production. On September 24, 2025, Mr. Robinson appeared for a status conference. On January 15, 2026, Mr. Robinson appeared for another status conference. At that status conference, the Court scheduled a trial in this matter to begin on June 8, 2026. On January 16, 2026, the Court issued a Pretrial Order setting forth additional deadlines. (ECF No. 32.) Under the Pretrial Order, the Government was due to make expert disclosures by March 20, 2026. On the morning of February 9, 2026, defense counsel wrote to the Government to inquire as to when the Government intended to produce DNA materials. Later in the afternoon on February 9, 2026, the Government indicated that it had received an estimated timeframe of 30-45 days from February 9, 2026.

The March 20 expert disclosure deadline came and went. The Government provided no further update about any DNA analysis at that time. On April 7, 2026, the Government emailed defense counsel a three-page DNA report dated April 6, 2026 and authored by Christie Johnson of U.S. Army Criminal Investigation Laboratory. The Government did not provide a comprehensive Rule 16 disclosure. The Government did not provide Ms. Johnson's CV. The Government did not

3

provide the laboratory case file and underlying data on which Ms. Johnson relied in completing her analysis. The Government asked whether Mr. Robinson would consent to an extension of time for the Government to make expert disclosures. Mr. Robinson declined.

On April 23, 2026, the Government emailed defense counsel: (1) Ms. Johnson's CV; (2) a Notice of Expert Testimony in the Field of Forensic Serology and Forensic DNA Analysis; (3) an additional copy of the April 6 report; and (4) a list of four matters in which Ms. Johnson has testified as an expert witness.[1] That same day, the Government filed the Notice on the docket. (ECF No. 35.) On April 24, 2026, the Government filed a Motion for a *Nunc Pro Tunc* Extension of the Pretrial Deadline to File Expert Disclosure. (ECF No. 36.) On the morning of May 5, 2026, the Government produced for the first time the DNA laboratory case file. Later in the afternoon, the Government produced the May 14, 2025 warrant used to obtained a DNA sample from Mr. Robinson.

## II.    Legal Standard

Federal Rule of Criminal Procedure 16(a)(1)(G) sets forth the Government's disclosure requirements with respect to expert witnesses. The Rule requires the

---

[1] It appears that these matters are identified by "trial name" and "USACIL case number." The list does not identify the relevant courts or court case numbers associated with these matters.

Government to disclose as to each expert witness: (1) "a *complete statement of all opinions* that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);" (2) "the *bases and reasons*" for all such opinions; (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" and (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G)(iii) (emphasis added).

Rule 16(a)(1)(E) requires the Government to disclose "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." And Rule 16(a)(1)(F) requires the Government to disclose "the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial."

Rule 16(d)(2) affords district courts wide latitude in addressing failures to comply with discovery obligations. In the event of a failure to comply, this Court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."

## III.    The Court Should Deny the Government's Motion and Exclude the Proffered DNA Analyst's Testimony

The Government argues that the Court should countenance the late filing of its DNA expert disclosure and permit its witness to testify at trial because there is good cause to support the Government's actions. Not so. In its Motion, the Government provides the Court with an incomplete recitation of the facts surrounding the DNA analysis. First, the Government fails to inform the Court that at the time it filed the pending Motion, the Government had not disclosed to counsel the DNA laboratory case file, materials that plainly constitute the bases and reasons for the proffered expert's conclusions. In fact, the Government only disclosed the file on the morning of May 5, 2026. Nor did the Government inform the Court that the Government had not yet produced to counsel the search warrant that the Government used to obtain a sample of Mr. Robinson's DNA for comparison, materials that are necessary for counsel to determine whether to file a motion to

6

suppress. The Government disclosed the DNA search warrant paperwork, after requests from defense counsel, on the afternoon of May 5, 2026. The search warrant to obtain a sample of Mr. Robinson's DNA was issued on May 14, 2025.

Second, the Government fails to inform the Court that the first communication between the Government and the laboratory (as reflected in records produced to counsel this morning) occurred on the afternoon of February 9, 2026 – hours *after* undersigned counsel inquired of the Government about the DNA results. At the time of the February 9 communication between the Government and the laboratory, the laboratory had not even received the physical items to be tested. It does not appear that the Government actually sent the tracking information for the physical evidence to the laboratory until March 20, 2026 – the date expert disclosures were due. Laboratory chain of custody logs (received by defense counsel just this morning) show that the laboratory received the items to be tested on March 20, 2026 – the date expert disclosures were due. These circumstances preclude any finding of good cause. Mr. Robinson was arrested on May 12, 2025. He made his initial appearance in this Court on May 19, 2025. The case was federally indicted on September 3, 2025. On January 15, 2026, the Court set a trial date for June 8. On January 16, 2026, the Court set a deadline for the Government's expert disclosures of March 20, 2026. There is no excuse for the delay with respect to the DNA disclosures. The Government waited until three weeks after the Court established the expert

disclosure deadline to reach out to the laboratory and request testing. It appears that the Government waited until the day expert disclosures were due to send the physical evidence to the laboratory. The Government offers no explanation as to why it failed to submit the materials earlier.

Third, the Government argues that it did not know the identity of the DNA analyst before April 6, 2026. Yet according to communications produced to defense counsel this morning, on March 31, 2026 (after the disclosure deadline), Ms. Johnson, the author of the report, informed an MPD officer and an ATF special agent (representatives of the Government) that she was the DNA examiner who would be performing the analysis and that a report would be ready within 2-3 weeks. An ATF agent confirmed receipt of that communication.

The Government argues that it can establish good cause because it provided defense counsel with the three-page conclusory DNA report one day after the report was issued. The Government further argues that good cause supports excusing its delay because the Government allegedly completed its Rule 16(a)(1)(G) disclosure requirements two weeks after providing the report. These arguments fail. Mr. Robinson does not claim that the Government withheld the report. But the report was only issued so late because the Government delayed in submitting the materials to be tested, a circumstance for which the Government offers no explanation. Moreover, it is not correct that the Government completed its Rule 16 disclosure for

the DNA analyst as of April 24. As noted above, just this morning on May 5, 2026, the Government produced the laboratory case file, which contains the data underlying the analyst's conclusions.

The Government further argues that Mr. Robinson cannot establish prejudice as a result of the Government's belated disclosures. Once again, the Government presents a misleading recitation of the facts. The Government *did not* disclose to counsel as far back as February that the Government's first communication with the laboratory apparently occurred on the afternoon of February 9. Counsel learned that today. The Government *did not* disclose at the time it filed its Motion that it apparently did not ship the items to be tested to the laboratory until March 20 – the date expert disclosures were due. Counsel learned that today. The Government did not disclose the underlying laboratory data until May 5, well after the expert disclosure deadline and well after the date of the report. Any expert the defense would seek to retain would require the full case file to provide informed guidance, advice, and analysis for further defense investigation. No expert could rely solely on a conclusory three-page report. Again, counsel has only *just* received the laboratory data this morning. Trial is set to begin in one month.

The cases cited by the Government are inapposite. Both cases address the admissibility of Rule 404(b) evidence, *not* expert testimony. In *United States v. Dupree*, No. 22-275 (CKK), 2024 U.S. Dist. LEXIS 84847 (D.D.C. May 10, 2024),

9

the defendant, a former police officer who was released pending trial, was charged with deprivation of rights under color of law and obstruction of justice. The Government sought to admit evidence regarding the defendant's prior employment with and termination from another police department as intrinsic evidence or, in the alternative, as 404(b) evidence. The Government's 404(b) notice as to this information was untimely. Judge Kollar-Kotelly held that the evidence did not constitute intrinsic evidence. Judge Kollar-Kotelly further held that although the Government failed to comply with a court-ordered deadline to provide notice under 404(b), the notice was nonetheless sufficient to allow the defense to prepare for trial. Ultimately, Judge Kollar-Kotelly determined that the admissibility of this evidence would be decided during trial to allow for a full analysis under Rule 403. In Mr. Robinson's case, the belated disclosure relates not to any prior employment or conduct on the part of Mr. Robinson (who is detained pending trial) but to highly technical DNA analysis. *United States v. Roberson*, 581 F. Supp. 3d 65, 70 (D.D.C. 2022), similarly addresses the admissibility of 404(b) evidence, but it does not appear from the opinion that the defendant raised any challenge to the timeliness of the Government's 404(b) notice. This decision has no relevance to the question before this Court.

The prejudice to Mr. Robinson in this case is manifest. The Government failed to comply with its disclosure deadline and has offered no reasonable justification the

delay. Just today, one month before trial, the Government provided the data underlying the highly technical expert analysis it seeks to admit at Mr. Robinson's trial. Counsel has barely had any time to review this information, let alone identify and consult with an expert regarding it. Given that the analyst reached inclusionary conclusions as to Mr. Robinson, the defense must conduct a robust investigation into the testing.

Under these circumstances, exclusion is appropriate. Notably, the D.C. Circuit has "reject[ed] any suggestion that use of exclusion as a sanction requires some sort of 'least restrictive alternative' analysis." *United States v. Johnson*, 970 F.2d 907, 911 (D.C. Cir. 1992) (reviewing trial court's decision to exclude the testimony of late noticed defense alibi witnesses and remanding for the trial court to conduct further analysis where the trial court's only factual finding (good faith of counsel) ran counter to the decision to exclude); *see also, e.g.*, *United States v. Gray-Burriss*, 791 F.3d 50, 56 (D.C. Cir. 2015) ("This does not mean that exclusion is always unwarranted in the absence of bad faith or the presence of less drastic alternatives.").

There is no good faith justification for the delay in this case. Mr. Robinson was arrested on May 12, 2025. The Government obtained a warrant for Mr. Robinson's DNA sample on May 14, one day before the case was charged by Complaint in this Court. Mr. Robinson was indicted in September 2025. The Pretrial Order was issued on January 16, 2026. There is simply no excuse for the delay in

sending the materials for testing. A continuance is not the appropriate remedy. Mr. Robinson is detained. He has the right to a speedy trial with prepared counsel. His rights should not give way to the Government's unjustified delay.

The Court establishes expert disclosure deadlines for a reason. Counsel rely on timely disclosures to prepare the defense of a case. The undersigned counsel represent indigent criminal defendants charged with a wide array of offenses in various courts and have busy schedules. During the pendency of this case, counsel were required to devote extraordinary resources to arguing that the Department of Justice should not reverse its prior decision not to seek the death penalty for a defendant charged in this Court (18 years old at the time of the alleged offense) who was not the principal in the first degree to a homicide. During the pendency of this case, counsel had to devote substantial resources to another case in this Court in which, with a long-established trial date quickly approaching, the Government suddenly announced that the matter was under consideration for the death penalty. Just last week, counsel handled two multi-witness suppression hearings in appointed cases in the United States District Court for the District of Maryland. These matters represent a small fraction of counsel's workload. Needless to say, counsel do not have the resources of MPD, the ATF, or the Army at their disposal. The Government's argument that DNA expert testimony is so routine in criminal cases as to require minimal analysis by the defense does not pass muster. Mr. Robinson

has as much a right to a defense as anyone else charged with a crime. If the roles were reversed, the Government would surely be arguing for the exclusion of Mr. Robinson's expert. The Government cannot be permitted to ignore its expert disclosure deadline and then argue that the belated disclosure should be excused because, in its view, the analysis disclosed is straightforward. The Court should not permit the Government to present the proffered testimony.

The fact that trial begins in 33 days is not, as the Government suggests, ample or even sufficient time for the defense to undertake the necessary investigation required of scientific evidence of this kind. Counsel need to identify an expert, provide the information received (today) from the government, consult with the expert, and determine how to confront this information. Counsel, of course, have other matters to attend to. Counsel have been in intense preparation for a murder trial in the Circuit Court for Anne Arundel County, Maryland (*State v. Decouisey Wilson,* CR-02-CR-24-511). That case, scheduled to proceed to trial on May 11, may resolve short of trial, but counsel have been in around the clock preparation for that matter in recent days and weeks. Counsel also have several upcoming federal sentencings and, as noted above, have represented and continue to represent individuals charged with federal capital offenses. Thus, the prejudice to Mr. Robinson is real. Either risk counsel be unprepared or have his right to a speedy trial be swept aside. For, to be

13

honest, no good reason. Two and a half months was sufficient time to confront this evidence. One month is not.

## IV.    Request for Emergency Status Conference

Mr. Robinson respectfully requests that the Court schedule an emergency status conference on this matter given the rapidly approaching trial date and undersigned counsel's other case-related obligations. Mr. Robinson also requests that the Court hold the deadline for filing pretrial motions and motions *in limine* in abeyance pending the status conference.

## CONCLUSION

For the reasons stated above and those to be presented at a hearing on this Motion, this Court should exclude the testimony of the Government's proffered DNA expert. In light of the upcoming trial date, the Court should convene an emergency status conference in this case.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2026, the foregoing was

served on all parties via ECF.


_____/s/_____
Michael E. Lawlor