**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.  25-cr-264-APM** |
| | **:** | |
| **TYRONE ROBINSON** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN
LIMINE TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS
PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

Defendant Tyrone Robinson ("Mr. Robinson"), by and through his counsel,
Michael E. Lawlor, and Brennan, McKenna & Lawlor, Chtd., respectfully submits
the following response in opposition to the Government's Motion in Limine to
Impeach Defendant with Prior Convictions Pursuant to Federal Rule of Evidence
609 (ECF No. 34).

## I.   Procedural History

Shortly after 9:30 p.m. on the evening of May 12, 2025, MPD officers arrested
Tyrone Robinson in connection with an attempted carjacking (of a scooter) and
assault that are alleged to have occurred earlier that same evening. The next day, Mr.
Robinson was charged with offenses arising out of this alleged incident in the
Superior Court. *See United States v. Robinson*, No. 2025-CF3-005360. On May 15,

2025, the Government filed a Criminal Complaint charging Mr. Robinson in this Court with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) The charge at issue in the federal Complaint related to the May 12 allegations. On May 16, 2025, the Superior Court charges were dismissed. On May 19, 2025, Mr. Robinson made his initial appearance in this Court.

On September 3, 2025, the Government filed an Indictment charging Mr. Robinson with one federal offense under 18 U.S.C. § 922(g)(1) and other D.C. Code offenses related to the May 12 allegations. (ECF No. 21.) On January 15, 2026, the Court scheduled the jury trial in this matter to begin on June 8, 2026. On January 16, 2026, the Court issued a Pretrial Order (ECF No. 32) setting additional pretrial deadlines. Under the Pretrial Order, the Government was due to identify any Rule 404(b) evidence by April 17, 2026 and the parties were due to file any Rule 12 pretrial motions or motions in limine by May 1, 2026. (ECF No. 32.) Oppositions to Rule 12 motions and motions in limine were due by May 12, 2026.  On April 17, 2026, the Government filed the subject Motion in Limine to Impeach Defendant with Prior Convictions Pursuant to Federal Rule of Evidence 609. (ECF No. 34.)

While the Motion in Limine was pending but before the deadline within which to respond to the Motion in Limine, the Government sought a belated extension of

2

the deadline within which to designate its sole expert witness, a DNA analyst.[1] On May 14, 2026, the Court held a motions hearing and status conference. At that hearing, the Court declined to exclude the testimony of the Government's DNA analysis on the grounds of the untimeliness the disclosure and provision of related laboratory discovery. However, the Court continued the trial and issued a new Pretrial Order. (ECF No. 42.) Under the operative Pretrial Order, responses to motions in limine are due by June 23, 2026.

Mr. Robinson now responds to the Government's sole Motion in Limine. In its Motion, the Government seeks a ruling from this Court permitting it to impeach Mr. Robinson, should he testify at trial, with evidence of four prior convictions across three case numbers. The Government's Motion is not supported by any exhibits. For the reasons set forth below and those to be presented at any hearing, the Court should deny the Government's Motion.

## II.    D.C. Superior Court Case Number 2007-CF3-25934

The Court should reject the Government's request to impeach Mr. Robinson's potential trial testimony with his convictions in D.C. Superior Court case number 2007-CF3-25934 for the D.C. felony offenses of robbery and possession of a firearm during the commission of a crime of violence. The Government's Motion contains

---

[1] At the time, the Government's expert disclosures were due by March 20, 2026.

little by way of factual background with respect to these prior convictions. Indeed, the Government is silent with respect to the facts of the case. On the basis of the publicly available Superior Court docket in that matter, counsel does not dispute: (1) that Mr. Robinson was charged in that in matter on November 7, 2007 and held without bond; (2) that on March 24, 2008, he pled guilty to the D.C. felony offenses of robbery and possession of a firearm during a crime of violence; and (3) that on May 30, 2008, he was sentenced to 6 months of confinement for robbery and 60 months of confinement for possession of a firearm during a crime of violence, with the terms of imprisonment to run consecutively, followed by 36 months of supervised release.

Citing the Pretrial Services Report, which itself references unspecified CSOSA records, the Government alleges that Mr. Robinson's supervision in that matter was revoked to incarceration several times, including a last revocation on February 1, 2018. The Government has provided no documentation to substantiate that allegation. The publicly available Superior Court docket in that case does not reflect any activity in 2018. The pretrial services report in this case does not indicate why supervision was revoked or the specific sanction that was imposed upon revocation. Indeed, the pretrial services report states that Mr. Robinson's release date from custody is not observed with DC Jail records. Pretrial Services ultimately noted that it deferred to the Court on the matter. For its part, the Government has not

attached any CSOSA or parole board records to its Motion. The Government further alleges that BOP records indicate that Mr. Robinson was released on May 4, 2018. The Government did not attach any such records to its Motion.

The Government appears to argue that Rule 609(a)(1)(B) governs the admissibility for impeachment purposes of the two convictions in the 2007 Superior Court matter. Under Rule 609(a)(1)(B), "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence" "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." In the section of its Motion addressing the 2007 Superior Court case, the Government is silent with respect to Rule 609(b), which imposes time limits and a stricter standard on the use of certain conviction for impeachment purposes and states as follows: "This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." The Government has not stated the date of Mr. Robinson's release from confinement after serving the

5

66-month sentence of imprisonment in the 2007 matter. However, as a matter of arithmetic, the release would have occurred well over 10 years ago.[2]

Notably, the Government has cited no authority standing for the (apparently unstated) proposition that an alleged revocation of Mr. Robinson's supervised release in the 2007 Superior Court matter (as to which the Government has presented no specific documentary evidence in support) would serve to restart the clock on the applicability of Rule 609(b). In fact, it appears that the D.C. Circuit has not addressed this issue. *See, e.g.*, *United States v. Moore*, 75 F. Supp. 3d 444, 454 n.10 (D.D.C. 2014) (noting that "[t]he D.C. Circuit has not weighed in on this issue, though, and this Court need not address it now. As described above, Moore's confinement for each of these older offenses—even without his subsequent confinement for probation/parole violations—occurred less than ten years ago."); *United States v. Okafor*, No. 23-116 (JDB), 2024 U.S. Dist. LEXIS 170895, at *36 n.8 (D.D.C. Sep. 23, 2024) (noting that "the D.C. Circuit has not weighed in" and that "[t]he Court sees no reason to resolve the question given the government's forfeiture of the argument," which was raised for the first time in a reply brief). The Government's failure to cite authority in support of its position renders its argument waived. The

---

[2] The relevant date for Rule 609(b) is the start date of trial. *United States v. Martin*, No. 24-196 (BAH), 2025 U.S. Dist. LEXIS 123987, at *8 (D.D.C. June 30, 2025) ("Using the start date of trial as the relevant date under Rule 609(b) makes sense for the purposes of Rule 609.")

Court should therefore apply the heightened standard of Rule 609(b) in determining whether the Government should be permitted to impeach Mr. Robinson with his convictions in the 2007 matter.

Here, the Government has come forward with *no specific facts and circumstances* to show that the probative value of the convictions in the 2007 matter substantially outweighs their prejudicial effect. The best the Government has to offer is a citation the D.C. Circuit's reasoning about the potential probative value for impeachment purposes of robbery, *generally*, with no specific reference to the circumstances of the 2007 case at issue. *United States v. Lipscomb*, 702 F.2d 1049, 1070-71 (D.C. Cir. 1983) (reviewing the admissibility for impeachment purposes under Rule 609(a)(1) (*not* Rule 609(b)) of appellant Lipscomb's 1973, eight-year-old conviction for robbery). The Government has not met its burden under Rule 609(b). The Court should therefore not permit the Government to impeach Mr. Robinson with the convictions in the 2007 case.

Even under the more permissive standard of Rule 609(a)(1), the convictions in the 2007 case fail the test for admissibility. It is well established that "[b]alancing probative value against prejudicial effect under Rule 609 'must not become a ritual leading inexorably to admitting the prior conviction into evidence,' and the government bears the burden of showing 'that the probative value of a prior conviction outweighs the prejudice to the defendant.'" *United States v. Kelly*, No.

21-0059 (RC), 2023 U.S. Dist. LEXIS 76495, at *23 (D.D.C. May 2, 2023) (citing

*Lipscomb*, 702 F.2d at 1063). "In conducting this balancing inquiry, courts

consider 'the nature of the crime, the time of the conviction, the similarity of the past

crime to the charged crime, the importance of the defendant's testimony, and the

degree to which the defendant's credibility is central to the case." *Id.* at *24-25

(citing *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980)). As to the

nature of the offenses in the 2007 case, the facts of that case do not bear on any fact

of consequence in this case. By failing to provide this Court with any specific

information about the facts underlying 2007 case, the Government concedes this

point.[3] Neither offense of conviction has as an element any act of dishonesty. Neither

offense requires a false statement. Moreover, "the prior crime of robbery is not

especially probative of truthfulness compared to crimes that involve deception or

stealth." *Martin*, 2025 U.S. Dist. LEXIS 123987, at *13 (internal quotation and

citation omitted).

Second, the conduct giving rise to the convictions in the 2007 matter is

extremely dated. Mr. Robinson would have finished serving the 66-month sentence,

which was imposed back in 2008, well over a decade before the start of the trial in

this case. Given the age of the convictions, they have virtually no probative value

---

[3] It appears as though there was in fact significant mitigation information in the 2007 matter. The publicly available docket reflects that the sentence was imposed under the Youth Rehabilitation Act.

for assessing Mr. Robinson's credibility. Third, robbery – which involves taking property from another – is similar to the Government's core allegation in this case: the attempted carjacking of a scooter from a person. The similarity of the prior (dated) offense of conviction in the 2007 case to the alleged crimes for which Mr. Robinson is to be tried in this case weighs against admissibility because there is a serious risk that the jury will convict on propensity grounds. Finally, should he elect to testify, Mr. Robinson's testimony will be important to his case. Admitting the convictions in the 2007 case will frustrate the jury's role in assessing Mr. Robinson's testimony (which is he constitutionally permitted to offer) by inviting the jury the disregard the testimony as that of a bad man who has done bad things in the past and to convict on that basis. *See, e.g.*, *Martin*, 2025 U.S. Dist. LEXIS 123987, at \*15 ("The risk that the jury may wrongly infer the defendant's guilt from a witness's past criminal acts, however, is heightened when the defendant is the very witness testifying.").

Accordingly, the Court should deny the Government's request to impeach Mr. Robinson with evidence of his convictions in the 2007 Superior Court case.

### III.   Virginia Misdemeanor Convictions

The Court should also deny the Government's request to impeach Mr. Robinson with evidence of two prior Virginia misdemeanor convictions. The Government's Motion contains little by way of specific information concerning the

9

convictions at issue. The Government has not attached any exhibits to its Motion or filed a supplement to provide any evidence. The Government has not offered any analysis of the specific statutes and subsections of conviction – a glaring deficiency. The Government has offered no details about the underlying facts in these cases. As the proponent of the evidence, the Government bears the burden of demonstrating its admissibility. The Government simply has not met its burden. The Government's argument in support of the admissibility of these convictions is contained in a single paragraph. The Government cites *Belcher v. Commonwealth*, 75 Va. App. 505, 521, 878 S.E.2d 19, 26 (2022), but that case does not address impeachment or (obviously) the Federal Rules of Evidence.[4] The Government cites *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), but that case predates the Federal Rules of Evidence and addressed unpreserved claims of trial court error. The Government also cites *United States v. Lutz*, No. 96-4832, 1998 U.S. App. LEXIS 18301, at *14 (4th Cir. Aug. 7, 1998), an unpublished decision from the Fourth Circuit. That portion of *Lutz* addressed the interplay among Rules 608(b), 801(d)(2)(A), 613(b), and 403. It did not address Rule 609.

Notably, the United States Court of Appeals for the Fourth Circuit has held that at least one subsection of the statute at issue does not even constitute a crime

---

[4] The case does, however, note that the appellant's "conviction under Code § 18.2-186.3 simply does not require a showing of false statements." 75 Va. App. at 521.

involving moral turpitude for the purposes of federal immigration law. *Nunez-Vasquez v. Barr*, 965 F.3d 272, 286 (4th Cir. 2020) ("Because a conviction under Va. Code Ann. § 18.2-186.3(B1) does not require morally reprehensible conduct, Nunez-Vasquez's identity theft conviction is not a CIMT.") If the offense at issue is of such a negligible degree of moral culpability that an erroneous decision assessing the import of the conviction mandated returning a removed alien to the United States, then it surely has no probative value in assessing Mr. Robinson's credibility at trial. The Court should deny the Government's request to admit these convictions as impeachment evidence.[5]

## CONCLUSION

For the reasons set forth above and those to be presented at any hearing, the Court should deny the Government's Motion in Limine.

---

[5] Mr. Robinson also objects to the admission of these convictions under Rule 609 on 403, due process, and Fifth Amendment grounds. However, given the unsupported and undeveloped nature of the Government's argument and factual recitation, Mr. Robinson is constrained in his ability to offer further argument.

11

Respectfully submitted,

_____/s/_____

Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2026, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor

12